IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARVIN OLIVER OTTEY | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| IMMIGRATION AND | : | NO. 02-4378 |
| NATURALIZATION SERVICE | : | |
| | : | |
| Respondent. | : | |

**ORDER**

AND NOW, this         day of                    , 2002, upon consideration of the Government's response to Petitioner's Writ of Habeas Corpus, and any response thereto, it is hereby ORDERED that the petition is DENIED, based upon petitioner's eligibility for release from custody on $15,000 bond pursuant to the March 28, 2002 Order issued by Immigration Judge Walter Durling.

BY THE COURT:

_____
LEGROME D. DAVIS
*Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARVIN OLIVER OTTEY | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| IMMIGRATION AND | : | NO. 02-4378 |
| NATURALIZATION SERVICE | : | |
| | : | |
| Respondent. | : | |

**GOVERNMENT'S RESPONSE TO**
**PETITION FOR WRIT OF HABEAS CORPUS**

The United States of America, by its attorneys, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Susan R. Becker, Assistant United States Attorney for the District, on behalf of respondent, the Immigration and Naturalization Service ("the Service"), hereby files this response to Marvin Oliver Ottey's Petition for Writ of Habeas Corpus and moves the Court to dismiss the Petition. In support of its response, the Service states as follows:

1.   Petitioner Marvin Oliver Ottey is a native and citizen of Jamaica. He entered the United States as a lawful permanent resident on or about June 8, 1988. (See Exhibit 1, p.2, Notice to Appear).

2.   On March 7, 2001, Ottey was convicted in Bronx County, New York, of attempted criminal sale of a controlled substance in the third degree (crack/cocaine). Ottey was sentenced to one year in prison for this crime. (See Exhibit 1, p.2; Exhibit 2, conviction records).

3. On April 10, 2001, the Service issued a Notice to Appear, advising Ottey that he was subject to removal from the United States based on his drug trafficking conviction and because he had been convicted of an aggravated felony as defined by the Immigration and Nationality Act ("the Act), 8 U.S.C. § 1227(a)(2)(B)(i) and (a)(2)(A)(iii).  (See Exhibit 1).

4. In or about March, 2002, upon completion of his prison sentence in New York, the Service took Ottey into custody during the pendency of his removal proceedings pursuant to Section 236(c) of the Act [8 U.S.C. § 1226(c)].  On March 28, 2002, Immigration Judge Walter Durling issued a custody decision allowing Ottey to be released upon payment of a $15,000 bond.  The basis for the Immigration Judge's decision is contained in the Bond Redetermination Memorandum, which relates to the March 28, 2002 bond decision, but was written subsequently on June 25, 2002.  (See Order of the Immigration Judge With Respect to Custody and Bond Redetermination Memorandum, both attached at Exhibit 3).

5. The Service appealed Immigration Judge Durling's bond decision to the Board of Immigration Appeals on April 5, 2002.  This appeal is still pending before the Board.  However, the appeal does not affect the validity of the Immigration Judge's bond decision, which remains in effect during the appeal.  To date, Ottey apparently has not posted the $15,000 bond and therefore continues to be detained.  However, District Counsel for the Service in Philadelphia has confirmed that Ottey will be released upon payment of the bond.[1]

---

[1] It is unclear why Ottey remains detained in light of the Immigration Judge's valid bond decision.  If Ottey has the ability to pay the $15,000, but has not done so because he (incorrectly) believed the Service's appeal stayed the bond decision, then the record is now clear that the bond decision is still valid.  If, however, Ottey remains detained because he does not have the ability to pay the $15,000 bond, then he has no remedy in this habeas petition because his custody clearly is not a constitutional violation.

6.On May 1, 2002, Immigration Judge Durling ordered petitioner removed to his native country of Jamaica. (See Exhibit 6). On May 30, 2002, Ottey appealed this decision to the Board of Immigration Appeals. (See Exhibit 7).[2]

7.On June 27, 2002, Ottey filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his ongoing detention by the Service as unconstitutional under the Third Circuit's decision in Patel v. Zemski, 275 F.3d 299 (3d Cir. 2001). In Patel, the Third Circuit found that mandatory detention for a criminal alien detained pursuant to Section 236(c) of the Act [8 U.S.C. § 1226(c)], without an opportunity for an individual determination about custody, was unconstitutional. However, that is not the case here. Ottey is not being subjected to mandatory custody without an individualized review. Rather, Ottey received an individualized review of his custody from the Immigration Judge, who ordered him released upon payment of a $15,000 bond.[3]

---

[2]We note that if the Board affirms the Immigration Judge's ruling, then Ottey's order of removal will become administratively final. In that case, the March 28, 2002 bond decision will no longer be valid. Rather, at that point, Ottey would be an alien with a final order of removal and his detention would be controlled by 8 U.S.C. § 1231 and the Supreme Court's decision in Zadvydas v. Davis, 121 S.Ct. 2472 (2001). Under the statute, the Service would have 90 days from the date Ottey's order became final (the "removal period") to carry out his removal to Jamaica. 8 U.S.C. § 1231(a)(1)(A) and (B)(1). Under Zadvydas, the Service could continue to detain Ottey for up to six months if necessary to carry out his removal. 121 S.Ct. at 2505.

[3]It is true that as a policy matter, the Service has been taking the position on appeals of custody decisions to the Board of Immigration Appeals, that the Board is not obligated to follow the Patel ruling. (Exhibit 4). However, the Service's posture on appeal does not change the validity of the existing bond decision.

8. Because petitioner will be released if he posts $15,000 bond pursuant to the Immigration Judge's March 28, 2002 custody order, he cannot state a constitutional claim for illegal detention and his Petition should be dismissed with prejudice.

        Respectfully submitted,

        PATRICK L. MEEHAN
        United States Attorney

        _____
        JAMES G. SHEEHAN
        Assistant United States Attorney
        Chief, Civil Division

Dated: July    , 2002        _____
        SUSAN R. BECKER
        Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on the      day of July, 2002, I caused a true and correct copy of the foregoing Government's Response to Petition for Habeas Corpus to be served by first-class mail, postage prepaid, upon the following:

>Marvin Oliver Ottey
>Pro se petitioner
>Berks County Prison
>1287 County Welfare Road, No. 1763
>Leesport, PA 19533-0000

>_____
>Susan R. Becker