IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARVIN OLIVER OTTEY                    :
                                       :
          Petitioner,                  :
                                       :
     v.                                :        CIVIL ACTION
                                       :
IMMIGRATION AND                        :        NO. 02-4378
NATURALIZATION SERVICE                 :
                                       :
          Respondent.                  :

## ORDER

AND NOW, this          day of                    , 2002, upon consideration of

the Government's response to Petitioner's Writ of Habeas Corpus, and any response thereto, it is

hereby ORDERED that the petition is DENIED, based upon petitioner's eligibility for release

from custody on $15,000 bond pursuant to the March 28, 2002 Order issued by Immigration

Judge Walter Durling.

BY THE COURT:

_____
LEGROME D. DAVIS
*Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARVIN OLIVER OTTEY          :
                             :
        Petitioner,          :
                             :
    v.                       :       CIVIL ACTION
                             :
IMMIGRATION AND              :       NO. 02-4378
NATURALIZATION SERVICE       :
                             :
        Respondent.          :

## GOVERNMENT'S RESPONSE TO
## PETITION FOR WRIT OF HABEAS CORPUS

The United States of America, by its attorneys, Patrick L. Meehan, United States

Attorney for the Eastern District of Pennsylvania, and Susan R. Becker, Assistant United States

Attorney for the District, on behalf of respondent, the Immigration and Naturalization Service

("the Service"), hereby files this response to Marvin Oliver Ottey's Petition for Writ of Habeas

Corpus and moves the Court to dismiss the Petition. In support of its response, the Service states

as follows:

1.      Petitioner Marvin Oliver Ottey is a native and citizen of Jamaica. He entered the

United States as a lawful permanent resident on or about June 8, 1988. (See Exhibit 1, p.2,

Notice to Appear).

2.      On March 7, 2001, Ottey was convicted in Bronx County, New York, of

attempted criminal sale of a controlled substance in the third degree (crack/cocaine). Ottey was

sentenced to one year in prison for this crime. (See Exhibit 1, p.2; Exhibit 2, conviction records).

3.     On April 10, 2001, the Service issued a Notice to Appear, advising Ottey that he was subject to removal from the United States based on his drug trafficking conviction and because he had been convicted of an aggravated felony as defined by the Immigration and Nationality Act ("the Act"), 8 U.S.C. § 1227(a)(2)(B)(i) and (a)(2)(A)(iii). (See Exhibit 1).

4.     In or about March, 2002, upon completion of his prison sentence in New York, the Service took Ottey into custody during the pendency of his removal proceedings pursuant to Section 236(c) of the Act [8 U.S.C. § 1226(c)]. On March 28, 2002, Immigration Judge Walter Durling issued a custody decision allowing Ottey to be released upon payment of a $15,000 bond. The basis for the Immigration Judge's decision is contained in the Bond Redetermination Memorandum, which relates to the March 28, 2002 bond decision, but was written subsequently on June 25, 2002. (See Order of the Immigration Judge With Respect to Custody and Bond Redetermination Memorandum, both attached at Exhibit 3).

5.     The Service appealed Immigration Judge Durling's bond decision to the Board of Immigration Appeals on April 5, 2002. This appeal is still pending before the Board. However, the appeal does not affect the validity of the Immigration Judge's bond decision, which remains in effect during the appeal. To date, Ottey apparently has not posted the $15,000 bond and therefore continues to be detained. However, District Counsel for the Service in Philadelphia has confirmed that Ottey will be released upon payment of the bond.[1]

_____

[1]     It is unclear why Ottey remains detained in light of the Immigration Judge's valid bond decision. If Ottey has the ability to pay the $15,000, but has not done so because he (incorrectly) believed the Service's appeal stayed the bond decision, then the record is now clear that the bond decision is still valid. If, however, Ottey remains detained because he does not have the ability to pay the $15,000 bond, then he has no remedy in this habeas petition because his custody clearly is not a constitutional violation.

6.     On May 1, 2002, Immigration Judge Durling ordered petitioner removed to his native country of Jamaica. (See Exhibit 6). On May 30, 2002, Ottey appealed this decision to the Board of Immigration Appeals. (See Exhibit 7).[2]

7.     On June 27, 2002, Ottey filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his ongoing detention by the Service as unconstitutional under the Third Circuit's decision in Patel v. Zemski, 275 F.3d 299 (3d Cir. 2001). In Patel, the Third Circuit found that mandatory detention for a criminal alien detained pursuant to Section 236(c) of the Act [8 U.S.C. § 1226(c)], without an opportunity for an individual determination about custody, was unconstitutional. However, that is not the case here. Ottey is not being subjected to mandatory custody without an individualized review. Rather, Ottey received an individualized review of his custody from the Immigration Judge, who ordered him released upon payment of a $15,000 bond.[3]

---

[2]     We note that if the Board affirms the Immigration Judge's ruling, then Ottey's order of removal will become administratively final. In that case, the March 28, 2002 bond decision will no longer be valid. Rather, at that point, Ottey would be an alien with a final order of removal and his detention would be controlled by 8 U.S.C. § 1231 and the Supreme Court's decision in Zadvydas v. Davis, 121 S.Ct. 2472 (2001). Under the statute, the Service would have 90 days from the date Ottey's order became final (the "removal period") to carry out his removal to Jamaica. 8 U.S.C. § 1231(a)(1)(A) and (B)(1). Under Zadvydas, the Service could continue to detain Ottey for up to six months if necessary to carry out his removal. 121 S.Ct. at 2505.

[3]     It is true that as a policy matter, the Service has been taking the position on appeals of custody decisions to the Board of Immigration Appeals, that the Board is not obligated to follow the Patel ruling. (Exhibit 4). However, the Service's posture on appeal does not change the validity of the existing bond decision.

8.    Because petitioner will be released if he posts $15,000 bond pursuant to the Immigration Judge's March 28, 2002 custody order, he cannot state a constitutional claim for illegal detention and his Petition should be dismissed with prejudice.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

JAMES G. SHEEHAN
Assistant United States Attorney
Chief, Civil Division

Dated: July 31, 2002

SUSAN R. BECKER
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of July, 2002, I caused a true and correct copy of the foregoing Government's Response to Petition for Habeas Corpus to be served by first-class mail, postage prepaid, upon the following:

Marvin Oliver Ottey
Pro se petitioner
Berks County Prison
1287 County Welfare Road, No. 1763
Leesport, PA 19533-0000

Susan R. Becker

U.S. Department of Justice

Immigration and Naturalization Service

# Notice to Appear

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No.   A41 652 025

In the Matter of:

Respondent: _____ OTTEY, Marvin Oliver _____   currently residing at:

Metropolitan Detention Center; 125 White Street,
New York City, New York 10013

(Number, street, city, state and zip code)                    (Area code and phone number)

- [ ] 1. You are an arriving alien.
- [ ] 2. You are an alien present in the United States who has not been admitted or paroled.
- [x] 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

SEE ATTACHED I-831 FOR ALLEGATIONS

On the basis of the forgoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

SEE ATTACHED I-831 FOR PROVISION(S) OF LAW

- [ ] This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

- [ ] Section 235(b)(1) order was vacated pursuant to:  [ ] 8 CFR 208.30(f)(2)  [ ] 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

TO BE CALENDARED AND NOTICE PROVIDED BY THE OFFICE OF THE IMMIGRATION JUDGE

(Complete Address of Immigration Court, Including Room Number, if any)

on   TO BE CALENDARED AND NOTICE PROVIDED BY THE OFFICE OF THE IMMIGRATION JUDGE   at   TO BE CALENDARED AND NOTICE PROVIDED BY THE OFFICE OF THE IMMIGRATION JUDGE   to show why you should not be removed from the United States based on the charge(s) set forth above.

(Date)                    (Time)

James J. Mooney

Acting Deputy Assistant District Director for Investigations, NY NY
(Signature and Title of Issuing Officer)
New York, New York
(City and State)

Date: _____ 04/10/01 _____

## See reverse for important information

Form I-862 (Rev. 3-22-99)

# U. S. Department of Justice

Immigration and Naturalization Service

Continuation Page for Form  I-862

| Alien's Name<br>OTTEY, Marvin Oliver | File Number<br>A41 652 025 | Date<br>04/10/01 |
|---|---|---|

## ALLEGATIONS:

A-1. You are not a citizen or national of the United States;

A-2. You are a native of Jamaica and a citizen of Jamaica;

A-3. You were admitted to the United States at New York, New York on or about June 8, 1988 as Lawful Permanent Resident;

A-4. You were convicted of the crime of Attempted Criminal Sale of a Controlled Substance in the Third Degree, to wit: Crack/Cocaine, in violation of Section 110/220.39 of the New York State Penal Law pursuant to a judgment entered on or about March 07, 2001 by the Supreme Court of the State of New York, County of the Bronx under indictment #00245-2001.

## CHARGES:

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in Section 101(a)(43)(B) and (U) of the Act.

Section 237(a)(2)(B)(i) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 102 of the Controlled Substances Act [21 U.S.C. 802]), other than a single offense involving possession for one's own use of 30 grams or less of marijuana.

## AKA's:  OTTEY, Marvin Oliver; OTTEY, Tego; CHARLTON, William.

| Signature<br>*James J. Moody* | Title<br>Acting Deputy Assistant District Director for Investigations, NY NY |
|---|---|

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____
(Signature of Respondent)

Before: _____

Date: _____

_____
(Signature and Title of INS Officer)

### Certificate of Service

This Notice to Appear was served on the respondent by me on **01/02/02** , in the following manner and in
(Date)

compliance with section 239(a)(1)(F) of the Act:

[X] in person    [ ] by certified mail, return receipt requested    [ ] by regular mail

[ ] Attached is a credible fear worksheet.

[X] Attached is a list of organizations and attorneys which provide free legal services.

[ ] The alien was provided oral notice in    language of the time and place of his or her the

hearing and of consequences of failure to appear as provided in section 240(b)(7) of the Act.

X _Marina Atley_       _Do. Cha Nur_
(Signature of Respondent if Personally Served)      (Signature and Title of Officer)

Form I-862 (Rev. 3-22-99)

**SENTENCE &**
**COMMITMENT**

Part _____ N _____    County _____ BX _____

INDICTMENT NUMBER/YEAR  245/01

The People of the State of New York

vs.

MARVIN OTLEY
**DEFENDANT**

Date: 3/7/2001

Hon.: _____ JUSTICE

Court Reporter: _____

| M | | D13-74 7 2 7 8 9 2 0 9 | |
|---|---|---|---|
| **SEX** | **D.O.B.** | **NYSID NUMBER** | |

The defendant having been

☑ convicted of the crime(s) of:
☐ adjudicated a Youthful Offender:

It is the Judgment of the Court that the defendant be and hereby is sentenced to
☐ an indeterminate term of imprisonment which shall have a:
☑ definite term of imprisonment of:

| crime(s) | minimum term (yrs) | maximum term (yrs) | (specify days, months or years) |
|---|---|---|---|
| PL 110/220.39 | | | ONE (1) YR |

☐ over

as a    ☐ second felony offender        ☐ second violent felony offender
        ☐ persistent felony offender     ☐ persistent violent felony offender
        ☐ Juvenile Offender — date crime committed _____

and/or

☐ Pay a fine of $ _____ or serve a term of _____ days

and that this sentence shall run concurrent with _____
                                consecutive to _____

The defendant is hereby committed to the custody of the New York City Department of Correction to be delivered to, an institution designated by the Commissioner of Correctional Services in the
☐ New York State Department of Correctional Services until released according to law.
☐ New York State Division for Youth to be housed in a secure facility until released according to law.
or to be delivered to
☐ New York City Correctional Institution for Men/Women until released according to law.

The defendant shall:
☑ Pay a surcharge of $ 200 or serve a term of _____ days    ☐ from inmate funds
☐ Pay a Crime Victim Assistance Fee of $ 10    ☐ from inmate funds

REMARKS: _____ EX-JUDGEMENT ON _____ Street

NOTE: ☐ Investigation and Pre-sentence report attached.

_____
**CLERK OF COURT**

BY: _____
**SIGNATURE**

A true extract from the minutes

_____
**TITLE**

3/7/01
**DATE**

SC.-CR-5
REV. 10/95

PLEA AT [handwritten] 1/17/06

JUSTICE _____ [handwritten]

COUNSEL PRESENT _____ [handwritten]

ADA PRESENT _____ [handwritten]

COURT REPORTER _____ FIELD

INTERPRETER _____

COURT CLERK _____ [handwritten]

DEFENDANT PLEADS GUILTY (BEFORE) (DURING) TRIAL
(LIST COUNTS AND CHARGES) INCLUDE WEAPON
TYPE OF: OR DRUG

[handwritten] APo PL 220.39

INDICATE
CONDITIONS
PROMISES: [handwritten]

TRIAL

COMMENCED _____ PART _____ 19 _____

JUSTICE _____

ADA PRESENT _____

COUNSEL PRESENT _____

COURT REPORTERS _____

COURT CLERK _____

INTERPRETER _____

CONCLUDED _____ 19 _____

☐ ACQUITTED - ALL COUNTS
☐ TRIED AND FOUND GUILTY OF:
(LIST COUNTS AND CHARGES) INCLUDE WEAPON
TYPE OF: OR DRUG

DAILY COPY ☐

PENDING SENTENCE ON _____ 2/14/06

DEFENDANT

(REMANDED)

BAIL CONTINUED

ROR

INDICTMENT 2 243/01

SENTENCE

PART N _____ 3/7/01

COUNSEL PRESENT _____ [handwritten]

ADA PRESENT _____ McILVEEN

COURT REPORTER _____ [handwritten]

INTERPRETER _____

SECTION 380.50 C.P.L. COMPLIED WITH ☐

COURT CLERK _____ [handwritten]

[handwritten text]

DEFENDANT GIVEN WRITTEN NOTICE OF HIS
RIGHT TO APPEAL ☐

_____ [signature]
JUSTICE OF SUPREME COURT
Judge Newman

ADDITIONAL CONDITIONS _____

☐ MANDATORY SURCHARGE: $ 20[...]
☐ CRIME VICTIM ASSISTANCE FEE: $ 1[...]
☐ TO BE PAID BY: JVD-EX
☐ PAYMENT EXEMPT (YO–JO)
☐ OTHER - SPECIFY: _____

☐ DRIVER LICENSE SUSPENDED: _____

AT A TRIAL TERM OF THE
SUPREME COURT OF THE STATE
OF NEW YORK HELD IN AND
FOR BRONX COUNTY AT THE
BRONX COUNTY COURTHOUSE
ON THE _17_ DAY OF _January_

PRESENT:

HONORABLE _Robert Seewald_

----------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK

AGAINST

DEFENDANT:

_William Charlton T/N MARVIN OTTEY_

SUPERIOR COURT
INFORMATION #
DOCKET # _2001BX010004_

IT APPEARS TO THE SATISFACTION OF THE COURT
FROM THE PROCEEDINGS HELD, THAT THE WAIVER OF INDICTMENT EXECUTED
BY THE DEFENDANT COMPLIES WITH THE PROVISIONS OF §§195.10
and 195.20 OF THE CRIMINAL PROCEDURE LAW AND THAT THE WAIVER
WAS KNOWINGLY AND INTELLIGENTLY EXECUTED BY THE DEFENDANT
IN THE PRESENCE OF COUNSEL.

JAN 17 2001                          ROBERT SEEWALD
                          JUSTICE OF THE SUPREME COURT

DATE OF SENTENCE: _2/14/01 - 10am_                    1/17/01

ROBERT T. JOHNSON                    Date
DISTRICT ATTORNEY                    P.G.
                                     Promise    11.02.20.39
BY: _____                Ball Status  C + 1yr
ASSISTANT DISTRICT ATTORNEY          A.D.A.
                          _marshall_        _marshall_

                    _3/1_              _W/R/A_

BDAO,NB,#1

COURT COPY

STATE OF NEW YORK
SUPREME COURT: BRONX COUNTY

------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK

AGAINST

DEFENDANT:

_William Chaelton_

**SUPERIOR COURT INFORMATION**

DOCKET # 800IBX000413

THE DEFENDANT STATES THAT
HE HAS READ SUPERIOR COURT INFORMATION
AND FURTHER
STATES THAT:

UNDER THE CONSTITUTION OF THE STATE OF NEW
YORK, HE HAS THE RIGHT TO BE PROSECUTED BY INDICTMENT FILED
BY GRAND JURY;

THE DEFENDANT WAIVES SUCH RIGHT AND CONSENTS
TO BE PROSECUTED BY SUPERIOR COURT INFORMATION FILED BY THE
DISTRICT ATTORNEY AND THAT COPY BEING PART OF THIS WAIVER;

THE SUPERIOR COURT INFORMATION FILED SHALL
CHARGE THE FOLLOWING CHARGES:

CRIMINAL SALE OF A CONTROLLED SUBSTANCE IN
THE THIRD DEGREE; ~~CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE
IN THE THIRD DEGREE~~

THE SUPERIOR COURT INFORMATION FILED WILL HAVE
THE SAME FORCE AND EFFECT AS AN INDICTMENT FILED BY GRAND
JURY.

_____
DEFENDANT

_____
DEFENSE ATTORNEY

THE DISTRICT ATTORNEY OF THE COUNTY OF THE BRONX CONSENTS
TO THE WAIVER OF INDICTMENT.

ROBERT T. JOHNSON
DISTRICT ATTORNEY

BY: _____
ASSISTANT DISTRICT ATTORNEY

_Marshall_

BXDAO, NB, #2

COURT COPY

----------------------------------------

PEOPLE OF THE STATE OF NEW YORK

AGAINST

DEFENDANT:

SUPERIOR COURT
INFORMATION #
DOCKET # *2001BX1X0097*

*William Charlton*

at CRIMINAL SALE OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE

~~CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE~~

ROBERT T. JOHNSON
DISTRICT ATTORNEY

BDAO,NB,#3

COURT COPY

## FIRST COUNT

THE DISTRICT ATTORNEY OF THE COUNTY OF THE BRONX BY THIS INFORMATION, ACCUSES THE DEFENDANT OF THE CRIME ON CRIMINAL SALE OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE, COMMITTED AS FOLLOWS:

THE DEFENDANT, ( ✓ ) ACTING ALONE ( ) ACTING IN CONCERT WITH ANOTHER, ( ) ACTING IN CONCERT WITH OTHERS, ON OR ABOUT _JANUARY 3, 2001_ AT APPROXIMATELY _10 25 AM_ IN THE VICINITY OF _685 E 228th ST_ IN THE COUNTY OF THE BRONX, DID KNOWINGLY AND UNLAWFULLY SELL A NARCOTIC DRUG, THAT BEING, _CRACK - COCAINE_ TO A PERSON WHOSE NAME IS KNOWN TO THE GRAND JURY

### SECOND COUNT:

THE DISTRICT ATTORNEY OF THE COUNTY OF THE BRONX BY THIS INFORMATION, ACCUSES THE DEFENDANT OF THE CRIME OF CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE, COMMITTED AS FOLLOWS:

THE DEFENDANT, ( ) ACTING ALONE, ( ) ACTING IN CONCERT WITH ANOTHER, ( ) ACTING IN CONCERT WITH OTHERS, ON OR ABOUT                    IN THE VICINITY OF                    AT APPROXIMATELY

IN THE COUNTY OF THE BRONX, DID KNOWINGLY AND UNLAWFULLY POSSESS A NARCOTIC DRUG, THAT BEING, WITH INTENT TO SELL IT.

DEFENDANT

BDAO,NB, #4

ROBERT T. JOHNSON
DISTRICT ATTORNEY

DEFENSE ATTORNEY

COURT COPY

2001BX000413 RK

COUNTY OF THE BRONX

THE PEOPLE OF THE STATE OF NEW YORK

v.

WILLIAM CHARLTON   M/26

Defendant

DET BRYAN KIDNEY of CBI, Shield 5286 says that on or about January 3, 200
at approximately 10:25 A.M. at  in front of 685 E.228TH STREET, County of
the Bronx, State of New York,

THE DEFENDANT COMMITTED THE OFFENSES OF:

1 (F) P.L. 220.16(1)  Criminal Possession of a Controlled Substance 3ø
2 (F) P.L. 220.39(1)  Criminal Sale of a Controlled Substance 3ø
3 (F) P.L. 220.44(2)  Criminal Sale of a Controlled Substance In or Near School Grounds
4 (M) P.L. 220.03  Criminal Possession of a Controlled Substance 7ø
5 (V) P.L. 221.05  Unlawful Possession of Marihuana

IN THAT THE DEFENDANT DID: knowingly and unlawfully possess a narcotic dru
with intent to sell it; knowingly and unlawfully sell a narcotic drug;
knowingly and unlawfully sell a controlled substance in violation o:
any one of subdivisions one through eight of P.L. 220.39 of Penal Law
chapter 220.00 where that sale took place upon school grounds; knowingly an
unlawfully possess a   controlled substance and knowingly and unlawfully
possess marihuana.

THE GROUNDS FOR THE DEPONENT'S BELIEF ARE AS FOLLOWS:

Deponent is informed by Undercover Police Officer, that at the above
time and place, informant engaged in a brief drug related conversation wit
defendant.  Deponent is further informed by informant that informant then
handed defendant a sum of United States Currency, pre-recorded buy money i
exchange for which defendant handed informant two (2) blue bags containing
a white rock-like substance.

Deponent states, that he is informed by Undercover Police Officer
known to deponent, that based upon informant's training and experience,

which includes training in the recognition of controlled substance, and packaging, the aforementioned substance is alleged and believed to be CRACK/COCAINE.

Deponent further states that deponent observed defendant to have on person one (1) plastic bag containing a dried green leafy substance in the said bag was in defendant's hand.

Deponent states, that based upon deponent's training and experience, which includes training in the recognition of controlled substance and marijuana, a dried, green leafy substance with a distinctive odor, and their packaging, the aforementioned substances are alleged and believed be MARIJUANA.

FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE
AS A CLASS A MISDEMEANOR PURSUANT TO P.L. 210.4!

01/03/2001
DATE

SIGNATURE

2 of 2

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
YORK, PA

FILE: A41-652-023

IN THE MATTER OF:

OTTEY, MARVIN OLIVER

RESPONDENT

IN REMOVAL PROCEEDINGS

*Pro se*

ORDER OF THE IMMIGRATION JUDGE
WITH RESPECT TO CUSTODY

Request having been made for a change in the custody status of
respondent pursuant to 8 CFR 236.1(c), and full consideration
having been given to the representations of the Immigration and
Naturalization Service and the respondent, it is hereby

_____ ORDERED that the request for a change in custody status be
         denied.

_____ ORDERED that the request be granted and that respondent be:

_____ released from custody on his own recognizance

_____ released from custody under bond of $ _12,000.___

_____ OTHER _____

Copy of this decision has been served on the respondent and the
Service.

APPEAL: waived -- reserved        4 19.02

YORK -- YORK COUNTY PRISON

Date:

                                 _____
                                 WALTER A. DURLING
                                 Immigration Judge

                                 3-28-02        KS

S61

IN THE MATTER OF_____ Marvin Oliver Ottey _____

A #_____ 41-652-025 _____

DATE OF REDETERMINATION_____ 3/28/02 _____

DECISION_____ $15,000 bond _____

On Behalf of Respondent

Pro Se

On Behalf of Service

## BOND REDETERMINATION MEMORANDUM

In a recent decision by the United States Court of Appeals for the Third Circuit in Patel v. Zemski, 275 F.3d 299 (3rd Cir.), the court found that the mandatory custody rules set forth in section 236(c) of the Immgration and Naturalization Act were unconstitutional to the extent that aliens, and particularly lawful permanent residents, are not permitted to establish that they are not a flight risk or danger to the community. That is, even those aliens with a criminal record are entitled to a substantive bond hearing. Thus, all Board decisions relating to the mandatory custody provisions of section 236(c) have been effectively overruled by the Third Circuit.

I have duly considered the standard of review as set forth in Matter of Andrade, 19 I&N Dec. 488 (BIA 1987). In so doing, I have taken particular note of the Third Circuit's observation in Patel that "government detention violates substantive due process unless it is ordered in...special and narrow non-punitive circumstances...where a special justification...outweighs the individual's constitutionally protected interest in avoiding physical restraint," citing Zadvydas v. Davis, 121 S.Ct. 2491 at 2499 (2001).

1. General Information

Nativity_____ Jamaica

Citizenship_____ Jamaica

Age_____ 27

Lawful permanent resident?_____ Yes, since 1988 (age 14)

Other lawful entry?_____

2. Factors indicating dangerousness
    ✓ a. Criminal conviction
        ✓ i. Referenced in Order to Show Cause or Notice to Appear
            a. Sentence __*1 yr*__
            b. Time served __*8 months*__
            c. Comments __*+ convictions in '93, '94, + '01 (att. assault²*__
                          *( alien claims assault conviction on*
                          *appeal)*
        ✓ ii. Other (Specify)_____

    ___ b. Nature of offense indicates propensity for violence
    ___ c. Restraining order
    ___ d. Other (Specify)_____

3. Factors relevant to risk of flight from further proceedings:
    ✓ a. Family ties to United States citizens
        ✓ Father ___ Mother ___ Spouse __*3*__ Children ✓ Siblings ___ Grandparents
        ___ Aunts, Uncles, Cousins ___ Other (Specify)_____
        Comments: ____*ages 3, 4, 5*_____

    ___ b. Family ties to Legal Permanent Residents
        ___ Father ___ Mother ___ Spouse ___ Children ___ Siblings ___ Grandparents
        ___ Aunts, Uncles, Cousins ___ Other (Specify)_____
        Comments:_____

    ___ c. Employment history
        Occupation (primary)_____(secondary)_____
        Current employer_____
        Approximate length of time with current employer_____
        Previous employer_____
    ___ d. Past immigration violations
        ___ Came into the United States without inspection or admission
        ___ Visa overstay
        ___ Previously excluded, deported, or removed
        ___ Other (Specify)_____
    ___ e. Prior record at criminal or immigration proceedings
        ___ Criminal proceedings
            ___ Bench warrant(s) issued
            ___ Contempt citations
            ___ Probation or parole violations
            ___ Other (Specify)_____

___Immigration proceedings
    ___In absentia order
    ___Failure to depart after ordered deported or removed
    ___Other (Specify)_____

___f. Nature of criminal and/or immigration violations demonstrates
    ___Deceitful character
    ___Lack of respect for authority
    ___Other (Specify)_____

___g. Already under supervision of state or federal authority
    ___Probation
    ___Parole
    ___Other (Specify)_____

___h. Apparent eligibility for relief from removal
    ___Cancellation of removal or suspension of deportation
    ___Adjustment of status
    ___Asylum, Withholding of Removal, or Convention against Torture
    ✓None
    ___Other (Specify)_____

4. Additional Comments

> - resided at same address in Bronx × 15 years +
>   lived w/ mother & his children × 5 years
> - 11th grade education
>
> - considered brief gallon

___Accordingly, based on the above noted factors, the Court finds that the Respondent presents a threat to the community or a significant flight risk and should be **detained** in the custody of the Immigration and Naturalization Service **without bond.**

✓Accordingly, based on the above noted factors, the Court finds that the Respondent presents a risk of flight and that a bond in the amount of ___*$15,000*___ is necessary to ensure the Respondent's presence at further immigration proceedings.


_____      6-21-2
Immigration Judge           Date

*Berks - Mi.F.G.*

OTTEY, MARVIN OLIVER
1287 COUNTY WELFARE RD, #1763
LEESPORT          PA 19533

IN THE MATTER OF              FILE A 41-652-025       DATE: Jun 27, 2002
OTTEY, MARVIN OLIVER

__ UNABLE TO FORWARD - NO ADDRESS PROVIDED

__ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE.  THIS DECISION
   IS FINAL UNLESS AN APPEAL IS FILED WITH THE BOARD OF IMMIGRATION APPEALS
   WITHIN 30 CALENDAR DAYS OF THE DATE OF THE MAILING OF THIS WRITTEN DECISION.
   SEE THE ENCLOSED FORMS AND INSTRUCTIONS FOR PROPERLY PREPARING YOUR APPEAL.
   YOUR NOTICE OF APPEAL, ATTACHED DOCUMENTS, AND FEE OR FEE WAIVER REQUEST
   MUST BE MAILED TO:      BOARD OF IMMIGRATION APPEALS
                           OFFICE OF THE CLERK
                           P.O. BOX 8530
                           FALLS CHURCH, VA  22041

__ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE AS THE RESULT
   OF YOUR FAILURE TO APPEAR AT YOUR SCHEDULED DEPORTATION OR REMOVAL HEARING.
   THIS DECISION IS FINAL UNLESS A MOTION TO REOPEN IS FILED IN ACCORDANCE
   WITH SECTION 242B(c)(3) OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C.
   SECTION 1252B(c)(3) IN DEPORTATION PROCEEDINGS OR SECTION 240(c)(6),
   8 U.S.C. SECTION 1229a(c)(6) IN REMOVAL PROCEEDINGS.  IF YOU FILE A MOTION
   TO REOPEN, YOUR MOTION MUST BE FILED WITH THIS COURT:

                           IMMIGRATION COURT
                           3400 CONCORD ROAD., SUITE 2
                           YORK, PA  17402

✓ OTHER: *Bond mw*

                                    COURT CLERK
                                    IMMIGRATION COURT                    FF

       CC: DISTRICT COUNSEL, C/O YORK PRISON
           3400 CONCORD ROAD
           YORK, PA,  17402
RYS



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

5201 Leesburg Pike, Suite 1300
Falls Church, Virginia 22041

RECEIVED
DEPARTMENT OF JUSTICE

2002 APR 16  A 8 44

IMM. & NATZ. SVC.
LITIGATION-PHI/YORK

OTTEY, MARVIN OLIVER
BCP, 1287 COUNTY WELFARE ROAD
LEESPORT, PA 19533-0000

INS LIT./York Co. Prison/YOR
3400 Concord Road
York, PA 17402

Name: OTTEY, MARVIN OLIVER

A41-652-025

Type of Proceeding: Removal                 Date of this notice: 04/05/2002

Type of Appeal: Bond Appeal                 Filed by: INS

## FILING RECEIPT FOR APPEAL

The Board of Immigration Appeals acknowledges receipt of your appeal and fee or fee waiver request (where applicable) on 04/05/2002 in the above-referenced case.

## PLEASE NOTE:

In all future correspondence or filings with the Board, please list the name and alien registration number ("A" number) of the case (as indicated above), as well as all of the names and "A" numbers for <u>each</u> family member who is included in this appeal.

If you have any questions about how to file something at the Board, you should review the Board's Practice Manual and Questions and Answers at www.usdoj.gov/eoir.

<u>Proof of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals</u> — including correspondence, forms, briefs, motions, and other documents. If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the INS at the address shown above. Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was

PROCTORL

41-652-025

sent to them. Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

2

PROCTOR

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB # 1105-0065

Notice of Appeal to the Board of Immigrati
Appeals of Decision of Immigration Judge

**1.** List Name(s) and "A" Number(s) of all Applicant(s)/Respondent(s):

A41 652 025

Melvin Offley

**\*\*INS BOND APPEAL\*\***

WARNING TO ALL APPLICANTS/RESPONDENT(S)  Name and "A"
Numbers of everyone appealing the order must be written in item #1

For Official Use Only

**2.** Applicant/Respondent is currently  ☒ DETAINED  ☐ NOT DETAINED.

**3.** Appeal from the Immigration Judge's decision dated _____ 3/28/02

**4.** State in detail the reason(s) for this appeal.  You are not limited to the space provided below; use more sheets of paper if necessary.  Write your name(s) and "A" number(s) on every sheet.

! WARNING:  The failure to specify the factual or legal basis for the appeal may lead to summary dismissal without further notice, unless you give specific details in a timely separate written brief or statement filed with the Board.

This is a bond appeal by the Immigration and Naturalization Service (the "Service").

See continuation page attached hereto for basis of appeal.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*FEE EXEMPT\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

(Attach more sheets if necessary)

5. I [ ] do

   [X] do not     desire oral argument before the Board of Immigration Appeals.

6. I [X] will

   [ ] will not     file a separate written brief or statement in addition to the "Reasons(s) for Appeal" written above or accompanying this form.

**WARNING:** Your appeal may be summarily dismissed if you indicate in item #6 that you will file a separate written brief or statement and, within the time set for filing, you fail to file the brief or statement and do not reasonably explain such failure.

SIGN HERE →

US Immigration and Naturalization Service

7. X by ___*Jeff Bu*___

     Signature of Person Appealing     Date: 4/4/02

     *(or attorney or representative)*

8.

Mailing Address of Applicant(s)/Respondent(s)

Marvin Otte
_____
(Name)

Berks County Prison
_____
(Street Address)

1287 County Welfare Road
_____
(Apartment or Room Number)

Leesport PA 19533
_____
(City, State, Zip Code)

9.

Mailing Address of Attorney or Representative

Jeffrey Bubier, INS Assistant District Counsel
_____
(Name)

3400 Concord Road
_____
(Street Address)

York County Prison
_____
(Suite or Room Number)

York, PA 17402
_____
(City, State, Zip Code)

**WARNING:** An attorney or representative will not be recognized as counsel on appeal and will not receive documents or correspondence in connection with the appeal, unless he/she submits a completed form EOIR-27.

## CERTIFICATE OF SERVICE
### (Must Be Completed)

10.

I ___Jeffrey T. Bubier, Assistant District Counsel___ mailed or delivered a copy of this notice of appeal
         (Name)

on ___4/4/02___     to ___Marvin Otte___
    (Date)             (Opposing Party)

at ___Berks County Prison, 1287 County Welfare Road, Leesport PA 19533___
         (Address of Opposing Party)

SIGN HERE →     X ___*Jeff Bu*___
           Signature of Person Appealing
           *(or attorney or representative)*

The Immigration and Naturalization Service (Service) appeals from the Immigration Judge's decision setting bond in the respondent's case. The decision is in error because the respondent is subject to mandatory detention under section 236(c) of the Immigration and Nationality Act (Act), 8 U.S.C. § 1226(c). *See* 8 C.F.R. § 3.19(h)(2)(i)(D) (2001); *Matter of Adeniji*, Interim Decision 3417 (BIA 1999) (section 236(c) of the Act applies to aliens released from criminal custody after the expiration of the Transition Period Custody Rules (TPCR) ). Therefore, the Immigration Judge lacked jurisdiction to redetermine the District Director's custody decision. In the alternative, the Immigration Judge erred in redetermining bond, because the respondent failed to demonstrate that he is not a flight risk or danger to the community.

In setting bond for the respondent, the Immigration Judge relied on the recent ruling of the United States Court of Appeals for the Third Circuit in *Patel v. Zemski*, 275 F.3d 299 (3rd Cir. 2001) (holding that that section 236(c) of the Act improperly deprived the subject alien of his constitutional due process rights). Contrary to the Immigration Judge's decision, however, *Patel* is not controlling.

As a primary matter, the regulations require an Immigration Judge to follow the precedent decisions of the Board of Immigration Appeals (Board). 8 C.F.R. § 3.1(g) (2001). In *Matter of Joseph*, Interim Decision 3398 (BIA 1999), the Board held, *inter alia*, that aliens, including lawful permanent residents, may be properly included in a mandatory detention category under section 236 of the Act. Thus, until the Board affirmatively decides to follow *Patel, supra*, and limit *Matter of Joseph, supra*, an Immigration Judge is bound to apply section 236(c) of the Act.

In this regard, we note that in *Matter of Mangabat*, 14 I&N Dec. 75, 78 (BIA 1972), *aff'd sub nom. Cabuco-Flores v. INS*, 477 F.2d 108 (9th Cir.), *cert. denied*, 414 U.S. 841 (1973), the Board declined to follow a published decision of the Ninth Circuit, reasoning, in part, that the Solicitor General's challenge to the Ninth Circuit's view in petitioning for certiorari in a separate matter negated any notion of administrative acquiescence. *See also Matter of G-*, 9 I&N Dec. 159, 164 (BIA 1960; AG 1961) (certifying case to Attorney General in light of Solicitor General's brief). At this time, the Service asks the Board to hold these cases in abeyance, such that the status quo be maintained as contemplated by *Mangabat*.

IMMIGRATION COURT
3400 CONCORD ROAD., SUITE 2
YORK, PA 17402

In the Matter of

OTTEY, MARVIN OLIVER          Case No.: A41-652-025
          Respondent
                              IN REMOVAL PROCEEDINGS

*Pro se*

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on . May 1, 2002
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[ ] The respondent was ordered removed from the United States to
    Jamaica                                    or in the alternative to

[ ] Respondent's application for voluntary departure was denied and
    respondent was ordered removed to
    alternative to

[ ] Respondent's application for voluntary departure was granted until
    upon posting a bond in the amount of $ _____
    with an alternate order of removal to

[ ] Respondent's application for asylum was ( )granted ( )denied
    ( )withdrawn.

[ ] Respondent's application for withholding of removal was ( )granted
    ( )denied ( )withdrawn.

[ ] Respondent's application for cancellation of removal under section
    240A(a) was ( )granted ( )denied ( )withdrawn.

[ ] Respondent's application for cancellation of removal was ( ) granted
    under section 240A(b)(1)   ( ) granted under section 240A(b)(2)
    ( ) denied ( ) withdrawn. If granted, it was ordered that the
    respondent be issued all appropriate documents necessary to give
    effect to this order.

[ ] Respondent's application for a waiver under section _____ of the INA was
    ( )granted ( )denied ( )withdrawn or ( )other.

[ ] Respondent's application for adjustment of status under section _____
    of the INA was ( )granted ( )denied ( )withdrawn. If granted, it
    was ordered that respondent be issued all appropriate documents necessary
    to give effect to this order.

[ ] Respondent's status was rescinded under section 246.

[ ] Respondent is admitted to the United States as a _____ until _____.

[ ] As a condition of admission, respondent is to post a $ _____ bond.

[ ] Respondent knowingly filed a frivolous asylum application after proper
    notice.

[ ] Respondent was advised of the limitation on discretionary relief for
    failure to appear as ordered in the Immigration Judge's oral decision.

[ ] Proceedings were terminated.

[ ] Other: _____
    Date:

Appeal: Waived/Reserved   Appeal Due By:
        May 1, 2002

                                    WALTER A. DURLING
                                    Immigration Judge

SB1



*Board of Immigration Appeals*
*Office of the Clerk*
DEPARTMENT OF JUSTICE

2002 JUN *5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

OTTEY, MARVIN OLIVER
1287 COUNTY WELFARE RD, #1763
LEESPORT, PA 19533-0000

INS LIT./York Co. Prison/YOR
3400 Concord Road
York, PA 17402

Name: OTTEY, MARVIN OLIVER                    A41-652-025

Type of Proceeding: Removal                   Date of this notice: 05/30/2002

Type of Appeal: Case Appeal                   Filed by:  Alien

### FILING RECEIPT FOR APPEAL

The Board of Immigration Appeals acknowledges receipt of your appeal and fee or fee
waiver request (where applicable) on 05/30/2002 in the above-referenced case.

## PLEASE NOTE:

In all future correspondence or filings with the Board, please list the name and alien registration
number ("A" number) of the case (as indicated above), as well as all of the names and "A" numbers
for <u>each</u> family member who is included in this appeal.

If you have any questions about how to file something at the Board, you should review the Board's
<u>Practice Manual and Questions and Answers</u> at www.usdoj.gov/eoir.

<u>Proof of service on the opposing party at the address above is required for ALL submissions to the
Board of Immigration Appeals</u> -- including correspondence, forms, briefs, motions, and other
documents.  If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel
for the INS at the address shown above.  Your certificate of service must clearly identify the
document sent to the opposing party, the opposing party's name and address, and the date it was

PROCTORL

sent to them.  Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

PROCTORL